IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THIRSTY DOG BREWING COMPANY,<br>529 Grant Street, Suite B<br>Akron, Ohio 44311 | )<br>)<br>) | Civil Action No. |
| | ) | |
| Plaintiff, | )<br>) | **COMPLAINT** |
| v. | )<br>) | |
| Dog Pound, LLC<br>d/b/a THIRSTY DOG PUB & GRILLE<br>and THIRSTY DOG UCONN<br>134 n. Eagleville Road, Suite 6<br>Storrs, CT 06268 | )<br>)<br>)<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Hereon) |
| Defendant. | )<br>) | |
| _____/ | | |

Now comes Plaintiff, Thirsty Dog Brewing Company, by and through its undersigned

attorneys, and for its Complaint against Defendant, Dog Pound, LLC, a Limited Liability

Company of the state of Connecticut, doing business as the "Thirsty Dog Pub & Grille" and

"Thirsty Dog Uconn," states as follows:

JURISDICTION AND VENUE

1.      This is a civil action for trademark infringement under the Lanham Act, Section 32 (1) (a), 15 U.S.C. § 1114 (1) (a); use of a mark which constitutes a false designation of origin under the Lanham Act, Section 43 (a), 15 U.S.C. § 1125 (a); cyberpiracy under Section 43(d) (1), 15 U.S.C. § 1125 (d) (1); and common law trademark infringement and unfair competition.

2.      Jurisdiction is proper in this Court by virtue of the provisions of Sections 1331 and 1338 (a) of Title 28 of the United States Code and Section 1121 of Title 15 of the United States Code; this Court has pendant jurisdiction over the associated claims under Section 1338 (b) of Title 28 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

3.      Venue is proper in this Court pursuant to Sections 1391 (b)(1), 1391 (b)(2), and 1391(c) of Title 28 of the United States Code.

4.      Plaintiff, Thirsty Dog Brewing Company, is a corporation of the state of Ohio, having its principal place of business at 529 Grant Street, Suite B, Akron Ohio 44311.

5.      Upon information and belief, Defendant, Dog Pound, LLC, is a limited liability company of the state of Connecticut, having its principal place of business at 134 N. Eagleville Rd., Ste. #6, Storrs, CT 06268.

6.      Upon information and belief, Defendant, Dog Pound, LLC, conducts business under the fictitious names "Thirsty Dog Pub & Grille" and "Thirsty Dog Uconn."

GENERAL ALLEGATIONS

7.      Plaintiff is engaged in interstate commerce in the business of making and selling a variety of beers.

8.      Plaintiff operates a Tasting Room where its beers are sold, and hosts events, parties, tours and tastings.

9.      In connection with its sales of beers, Plaintiff applied for and obtained trademark registrations on the Principal Register for the mark THIRSTY DOG, the same being U.S. Registration No. 2186602 for malt beverages; and for the mark THIRSTY DOG BREWING COMPANY, the same being U.S. Registration No. 2182857 for restaurant and bar services, and U.S. Registration No. 3520286 for malt liquor.  Copies of the registration certificates evidencing the registrations and corresponding assignment records evidencing ownership are attached as Exhibits A, B and C, respectively.

10.     Plaintiff first used the mark THIRSTY DOG in interstate commerce at least as early as February 4, 1997.

11.     Plaintiff has continuously used the mark THIRSTY DOG in interstate commerce in connection with its sales, distribution and advertisement of its beers, since its first use, and continues to so use the mark through the present date.

12.     Plaintiff first used the mark THIRSTY DOG BREWING COMPANY in interstate commerce at least as early as February 4, 1997.

13.     Plaintiff has continuously used the mark THIRSTY DOG BREWING COMPANY in interstate commerce in connection with its restaurant and bar services and sales

and advertisement of beers, since its first use, and continues to so use the mark through the present date.

14.  In connection with its use of the marks THIRSTY DOG and THIRSTY DOG BREWING COMPANY for beers, Plaintiff provides notice of its registration for the mark by displaying the mark with the appropriate notification as set forth in the Trademark Statute.

15.  Defendant is engaged in interstate commerce in the business of providing restaurant and bar services, including the selling of beers, under the name and style of "Thirsty Dog Pub and Grille" and/or "Thirsty Dog Uconn."

16.  Defendant represents itself as "Thirsty Dog Pub & Grille" and Thirsty Dog Uconn in its advertising.

17.  Defendant has advertised on the Internet at https://www.facebook.com/ pages/Thirsty-Dog-Uconn-Official/148946088478714.  A printout from this website is attached as Exhibit D.

18.  The services advertised in connection with Defendant's use of the words "Thirsty Dog" consist of restaurant and bar services, including the sale of beers, and are the same or are related to and are competitive with Plaintiff's sales.

19.  Plaintiff has not given Defendant its consent to use the words "Thirsty Dog" in connection with any advertising.

20.  By these advertisements, Defendant is using in interstate commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's federally registered marks in connection with the sale and advertising of beers, which use is likely to cause confusion, or to

cause mistake, or to deceive, purchasers as to the source, origin and sponsorship of Defendant's services, and to mislead the public into believing that Defendant's services are approved, sponsored or authorized by Plaintiff, or that the integrity of Defendant or its services is vouched for by Plaintiff.

21. Upon information and belief, Defendant had knowledge of Plaintiff's federally registered marks and willfully and intentionally used them and colorable imitations of them in its advertising to palm off its services as those of Plaintiff or cause a likelihood of confusion.

22. At least as early as Oct. 4, 2011, Plaintiff informed Defendant Dog Pound, LLC, that it considered Defendant's use of Plaintiff's marks in conjunction with Defendant's restaurant and bar services and advertising an infringement of Plaintiff's federal trademark/service mark rights.

23. In response to such notification, Defendant has continued to use Plaintiff's marks in interstate commerce.

COUNT I

24. Plaintiff restates each and every averment of Paragraphs 1 through 22, as if fully rewritten.

25. Defendant's use of the names "Thirsty Dog Pub & Grille" and "Thirsty Dog Uconn" to refer to itself and its services in its advertising infringes Plaintiff's exclusive

rights in its federally registered marks THIRSTY DOG and THIRSTY DOG BREWING COMPANY in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

## COUNT II

27.     Plaintiff restates each and every averment of Paragraphs 1 through 25, as if fully rewritten.

28.     Defendant's use of the names "Thirsty Dog Pub & Grille" and "Thirsty Dog Uconn" to refer to itself and its services in its advertising is likely to cause confusion and mistake, and deceive as to Defendant's affiliation, connection or association with Plaintiff, and origin, sponsorship and approval of Defendant's services and commercial activities by Plaintiff, in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

29.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

## COUNT III

30.     Plaintiff restates each and every averment of Paragraphs 1 through 28 as if fully rewritten.

31.     Defendant's use of the names "Thirsty Dog Pub & Grille" and "Thirsty Dog Uconn" to refer to itself and its services in its advertising constitutes common law trademark infringement and unfair competition.

32.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court.

## JURY DEMAND

Plaintiff Thirsty Dog Brewing Company demands a jury trial on all issues so triable in this matter.

WHEREFORE, Plaintiff prays that this Court:

A.      Preliminarily and permanently enjoin Defendant, its employees, agents, distributors, sales representatives, and all persons in active concert or participation with it who receive notice of such injunction, from infringing Plaintiff's federally registered trademarks in any manner, whatsoever, and, more specifically, from:

1.      Referring to itself as "Thirsty Dog Pub & Grille" or "Thirsty Dog Uconn," or any confusingly similar variation thereof, in any advertisement or promotional activity; and

2.      Maintaining an Internet presence that infringes Plaintiff's federally registered THIRSTY DOG and THIRSTY DOG BREWING COMPANY marks;

B.      Order the impounding and destruction of all of Defendant's advertising that infringes Plaintiff's marks;

C.      Order that the Facebook pages for "Thirsty Dog Pub & Grille" and "Thirsty Dog Uconn" be deactivated;

D.      Find Defendant's infringement to be willful;

7

E.    Award Plaintiff Defendant's profits derived from Defendant's use of Plaintiff's federally registered marks in Defendant's advertising, and order Defendant to account to Plaintiff for the same;

F.    Award Plaintiff actual damages;

G.    Treble the award of profits/damages to Plaintiff;

H.    Award Plaintiff reasonable attorney's fees;

I.    Award Plaintiff interest and costs; and

J.    Award Plaintiff such other and further relief as this Court shall find Plaintiff due under the law or in equity.

Respectfully submitted,

/s:/Tama L. Drenski
Tama L. Drenski        (0076209)
tldrenski@rennerkenner.com
Ray L. Weber        (0006497)
rlweber@rennerkenner.com
RENNER, KENNER, GREIVE, BOBAK, TAYLOR & WEBER
400 First National Tower
106 South Main Street
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646

Attorneys for Plaintiff,
Thirsty Dog Brewing Company